IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MICKEY MALDONADO, MELVIN J ASKEW, | § § § |
| *Plaintiffs*, | § § |
| v. | §  CIVIL ACTION NO. 2:20-CV-00242-JRG § |
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, | § § § |
| *Defendant.* | § § |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion for Partial Summary Judgment filed by Plaintiffs Mickey Maldonado and Melvin J. Askew ("Plaintiffs' Motion") (Dkt. No. 23) and the Motion for Summary Judgment filed by Defendant Travelers Casualty Insurance Company of America ("Defendant's Motion") (Dkt. No. 27) (collectively, the "Motions for Summary Judgment"). The Court heard oral argument on both Motions at the pretrial conference on March 11, 2021 and announced its rulings into the record. However, this Order in no way limits or constrains such rulings from the bench and as reflected in the record. Having considered the Motions for Summary Judgment, the subsequent briefing, and the parties' oral arguments at the pretrial conference, and for the reasons set forth herein, the Court is of the opinion that the Plaintiffs' Motion hereby is **GRANTED** and the Defendant's Motion hereby is **DENIED**.

**I.    BACKGROUND**

This cause of action arises out of a motor vehicle accident that occurred on September 26, 2019, in Morris County, Texas. (Dkt. No. 1.) On that day, Plaintiffs Mickey Maldonado and Melvin J. Askew (together, "Plaintiffs") were clearing debris along the side of Interstate Highway

30 ("IH 30") and loading it into the back of the 1999 Ford F-150 truck and attached trailer (the "covered vehicle") owned by their employer. (Dkt. No. 23 at 1–2.) At the time of the accident, Plaintiffs were legally parked on the shoulder of a section of IH 30 with an under-passing road running perpendicularly below it. (*Id*.) On IH 30, behind the covered vehicle, two tractor-trailers collided resulting in one striking a guard rail, losing control, and skidding towards Plaintiffs and the covered vehicle. (*Id*. at 7.) Plaintiffs became aware of the accident after hearing a boom produced when one of the tractor-trailers hit a guard rail. (*Id*.) Attempting to avoid danger, Mr. Maldonado sought protection by crouching between the covered vehicle and the concrete sidewall, while Mr. Askew ran away from the covered vehicle and jumped off IH 30 onto the underpass right of way below him. (*Id*. at 6–7.) Both Plaintiffs were seriously injured as a result of the accident. (*Id*. at 1–2.)

Defendant Travelers Casualty Insurance Company of America ("Travelers") issued policy number BA-250M6719-18-SEL (the "Policy") to Mark Morton d/b/a Morton Enterprises, Plaintiffs' employer and the owner of the covered vehicle. (*Id*. at 2–3.) The Policy covered losses caused by underinsured motorists. (*Id*.) Specifically, the Policy states that it covers "any [] person occupying a covered auto," where "occupying" is defined as "in, upon, getting, in, on, out or off." (Dkt. No. 23-4 at 39, 42.) Neither party disputes that the covered vehicle was a "covered auto" under the Policy. (Dkt. 23 at 3.) Both parties moved for summary judgment as to whether or not the Plaintiffs were "occupying" the covered vehicle at the time of the accident and therefore whether the Plaintiffs were "insured" parties under the Policy. (Dkt. No. 23, 27.)

## II.    LEGAL STANDARD

Summary judgment is warranted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* at 248.

To resolve the Motions for Summary Judgment, the Court must construe the language of the Policy. Summary judgment is permissible when a contractual provision is unambiguous or when there is ambiguity, but the extrinsic evidence creates no genuine issue of material fact and permits interpretation of the agreement as a matter of law. *Gonzalez v. Denning*, 394 F.3d 388, 392 (5th Cir. 2004). Courts in Texas construe insurance policies according to their plain language, applying the "ordinary, everyday meaning of the words to the general public." *United States Fid. & Guar. Co. v. Goudeau*, 272 S.W.3d 603, 607 (Tex. 2008) (citing *Feiss v. State Farm Lloyds*, 202 S.W.3d 744, 746 (Tex. 2006)). Where there is ambiguity in such a policy, the ambiguity is resolved in favor of the insured if such an interpretation is not unreasonable. *Feiss*, 202 S.W.3d at 746.

### III. DISCUSSION

Plaintiffs filed their Motion for Summary Judgment asserting that they were occupying the covered vehicle at the time of the accident because they had been "continuously and repetitively getting on and off of the covered vehicle[]" until they "heard the 'boom' and saw the jackknifed truck and trailer coming toward them." (Dkt. No. 23 at 8-9.) Defendant responded and filed its own Motion for Summary Judgment asserting that Plaintiffs were not occupying the covered vehicle because "both Maldonado and Askew had exited the covered truck and trailer at the time

3

of the accident and closed the door to the vehicle" and "were picking up debris outside of the vehicle for approximately 5-10 minutes prior to the accident." (Dkt. No. 27 at 13.) To resolve the issue, the Court must first determine the meaning of the term "occupying" within the Policy. The Court must then determine whether Mr. Maldonado and Mr. Askew, given their activities and positions prior to the accident, fall within such definition.

The term "occupying" is defined within the Policy to mean "in, upon, getting in, on, out or off." (Dkt. No. 23-4 at 42.) Neither party argues that the term "occupying" is ambiguous. Accordingly, the Court finds that the "ordinary, everyday meaning" of the words "in, upon, getting in, on, out or off" define the term "occupying" within the policy. *See Goudeau*, 272 S.W.3d at 607.

As to whether Mr. Maldonado and Mr. Askew were "occupying" the covered vehicle at the time of the accident, Defendant contends that the outcome of this case is controlled by the Texas Supreme Court's holding in *Goudeau*. (Dkt. No. 27 at 12.) In particular, the Defendant asserts that the Court in *Goudeau* determined that the plain meaning of the term "occupying" excluded a person "who has exited the car, closed the door, walked around the front." (*Id*. at 12–13.) However, as Defendant acknowledges in its briefing, the plaintiff in *Goudeau* had exited the vehicle "to act as a good Samaritan to assist a stranded motorist" and was struck by another vehicle while doing so. (*Id*. at 12.) It is clear from the facts of the case that the plaintiff in *Goudeau* had left the vehicle without any immediate intention to return and was pursuing a course of conduct separate from and not involving the insured vehicle when the accident occurred. The same distinction is present in the other cases relied upon by the Defendant. In *McDonald v. S. County Mut. Ins. Co*., the plaintiffs exited their vehicle after it broke down and had walked away along the road for roughly five minutes seeking help when the accident occurred. 176 S.W.3d 466 (Tex.

4

App. — Houston [1st Dist.] 2004, no pet.). In *The Insurance Company of the State of Pennsylvania v. Pearson*, the plaintiff was outside of the covered vehicle performing his job duties as an employee of the Georgia Electric Company at the time of the accident. 2004 WL 2053285 (Tex. App. — Amarillo September 7, 2004, no pet.). The court in *Pearson* specifically noted that there was no evidence "that his purpose for the vehicle was anything other than having it as a potential means of conveyance" or "that the vehicle was being used in any way incremental to the particular duties being performed." *Id*. at *3.

In contrast, when adopting the "plain language" approach to interpreting insurance agreements in *Goudeau*, the Texas Supreme Court cited several out-of-state cases purportedly applying the same standard, including *Keefer v. Ferrell*, 221 W.Va. 348, 655 S.E.2d 94, 99 (2007). In *Keefer*, the Supreme Court of Appeals of West Virginia determined that the plain language of an insurance agreement that defined "occupying" included "getting on" covered a plaintiff who was in the process of driving a tractor toward a covered truck with the intention of loading the tractor into the bed of the truck. 221 W.Va. at 354. Though the plaintiff was not in contact with the truck at the time of the accident, the Court determined that the course of conduct constituted a continuing process of "getting on" the truck and, as a result, the plaintiff was "occupying" the truck at the time of the accident. *Id*.

Here, there is no dispute that the Plaintiffs were in the process of collecting debris from the side of IH 30 at the time of the accident, getting on the covered vehicle to load the debris, and getting off the covered vehicle to collect more debris.[1] (Dkt. No. 23 at 2; Dkt. No. 27 at 3.) It is also undisputed that the covered vehicle was being used as part of the particular duties being performed by the Plaintiffs as employees of the insured and not merely as a mean of conveyance.

---

[1] Defendant does not dispute that acts such as standing on running boards or step-up edges of the trailer constitutes being "in" and therefore occupying the covered vehicle. (Dkt. No. 30 at 7.)

5

(Dkt. No. 23 at 5-6; Dkt. No. 27 at 6.) The covered vehicle's ignition was on and the hazard lights and emergency flashers were illuminated while the Plaintiffs collected debris. (Dkt. No. 23 at 5–6). Plaintiffs were stepping onto and off of the covered vehicle repetitively and continuously and would have continued to do so but for the accident. (*Id*.) Plaintiffs were also required to stay with the covered vehicle while performing their work. (*Id*.) From these facts, it is evident that the Plaintiffs were carrying out an ongoing course of conduct that was not broken until they heard the tractor-trailer strike the guardrail, became aware of the imminent risk of bodily harm, and took evasive action. For these reasons, the Courts finds that both Mr. Maldonado and Mr. Askew were "occupying" the covered vehicle at the time of the accident because they were engaged in a single continuous course of action that falls within the ordinary, everyday meaning of occupying, *i.e.*, getting on and getting off, the covered vehicle.[2]

Having determined that there is no genuine issue of material fact regarding whether Mr. Maldonado and Mr. Askew were "occupying" the covered vehicle at the time of the accident, the Court concludes as a matter of law that both Mr. Maldonado and Mr. Askew qualify as "insured" parties under the terms of the Policy.

---

[2] Lastly, even if Defendant had asserted that the term "occupying" is ambiguous—which it did not—the outcome would be unchanged. The Court must interpret ambiguous terms in insurance agreements in favor of the insured, as long as that interpretation is not unreasonable. *Feiss*, 202 S.W.3c at 746. For the reasons described throughout this opinion, the interpretation that Mr. Maldonado and Mr. Askew were occupying the covered vehicle at the time of the accident is not unreasonable.

## IV.     CONCLUSION

Based on the foregoing, the Court is of the opinion that the Plaintiffs' Motion for Summary Judgment should be and hereby is **GRANTED**, the Defendant's Motion for Summary Judgment should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 16th day of March, 2021.**

                                                                      _____
                                                                      RODNEY GILSTRAP
                                                                      UNITED STATES DISTRICT JUDGE